STATE OF NORTH CAROLINA v. ROBERT LEE MACK

No. 8126SC1186

(Filed 4 May 1982)

1. **Criminal Law § 148.1— denial of motion to suppress—allowance of belated appeal not "appropriate relief"**

The right to perfect an appeal from an order denying a motion to suppress seized evidence for which the time allowed had long since expired was not "appropriate relief" within the power of the trial court to grant. G.S. 15A-1414; G.S. 15A-1415(b)(3); G.S. 15A-1448(a)(3).

2. **Searches and Seizures § 36— arrest pursuant to valid warrant—search of defendant's pants pockets**

Where there was an outstanding valid warrant for defendant's arrest for uttering a forged check, his arrest thereunder was thus lawful, a search of defendant's pants pockets was within the scope of a reasonable search incident to the lawful arrest, and bags of cocaine found in defendant's front pants pocket were seized as a result of a search incident to a lawful arrest and were admissible in evidence against defendant.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 28 May 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 April 1982.

*Attorney General Edmisten, by Assistant Attorney General Reginald L. Watkins, for the State.*

*William D. Acton, Jr., Assistant Public Defender, for defendant appellant.*

WHICHARD, Judge.

Judge Snepp denied defendant's motion to suppress introduction of seventeen bags of cocaine which had been seized from defendant's person when he was arrested pursuant to a warrant charging him with uttering a forged check. Defendant then pled guilty to possession of cocaine with intent to sell and deliver. On 28 May 1980 he was sentenced to imprisonment.

Defendant did not timely appeal pursuant to G.S. 15A-979(b) (1978), which provides that an order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty. On 20 July 1981 defendant filed a "Motion for Appropriate Relief" seeking "a new trial, or . . . any other appropriate relief." On 3 August 1981 Judge Burroughs entered an order which stated that upon hearing defendant's motion he had ruled that defendant be allowed to perfect his appeal of the order denying his motion to suppress. Judge Burroughs' order set the time for filing and serving the proposed record on appeal and directed that defendant receive, at public expense, a copy of the transcript of the suppression hearing.

[1] A motion for appropriate relief on the ground that "[t]he court's ruling was contrary to law with regard to motions made before or during the trial, or with regard to the admission or exclusion of evidence" must be made "not more than 10 days after entry of judgment." G.S. 15A-1414. The motion here was made well beyond the requisite ten day period. G.S. 15A-1415 enumerates "the only grounds which [a] defendant may assert by a motion for appropriate relief made more than 10 days after entry of judgment." All grounds set forth therein, with one exception, are inapplicable here. Defendant apparently filed his motion

pursuant to that one exception, G.S. 15A-1415(b)(3), which prescribes, as a ground for appropriate relief, that "[t]he conviction was obtained in violation of the Constitution of the United States or the Constitution of North Carolina." While the motion would be proper on that ground, the trial court lacked jurisdiction to pass on it, because defendant had given notice of appeal and more than ten days had expired since entry of judgment. G.S. 15A-1448(a)(3); *see State v. Thompson,* 50 N.C. App. 484, 490, 274 S.E. 2d 381, 385-386, *disc. rev. denied,* 302 N.C. 633, 280 S.E. 2d 448 (1981). The right to perfect an appeal for which the time allowed had long since expired thus was not "appropriate relief" within the power of the trial court to grant. In our discretion, however, we have treated the purported appeal as a petition for a writ of certiorari and have allowed the writ.

[2] The State's evidence at the hearing on the motion to suppress was as follows:

On 13 February 1980 L. D. Blakeney, a member of the Vice and Narcotics Section of the Charlotte Police Department, requested and obtained a search warrant for a designated apartment. He then went there with other officers to execute the warrant. He knew defendant's car; and because the car was not at the apartment, he and the other officers returned to the police station.

Later Blakeney drove by the apartment again and saw defendant's car there. He left and returned with another officer. They observed that defendant's car was still there, and they "noticed two males enter the vehicle and back [it] out of the driveway."

They then called another uniformed officer "to try to get the vehicle stopped." That officer stopped the vehicle, which defendant was driving, at a service station. Blakeney arrived at the scene, and the officer who had stopped defendant's car identified defendant to Blakeney.

Blakeney then arrested defendant pursuant to a warrant for uttering a forged check, which had been issued 28 August 1976 while defendant was in prison. He "then searched [defendant's] person incident to arrest and recovered seventeen bags of cocaine in his front pants pocket."

There is no special squad in the Charlotte Police Department which serves warrants. Any officer can serve warrants if the subject is identified, and it was a part of Blakeney's duties "to execute warrants and to go out and arrest people for worthless checks."

Defendant's evidence was as follows:

When his car was stopped on 13 February 1980, defendant thought it was a routine license check. As he started back to his car to obtain his registration, he was surrounded by police officers, one of whom said he had a warrant for defendant's arrest. No warrant was served on him, however, until he got to the Central Intelligence Bureau downtown. When he was searched, he "kept asking each officer what the warrant was for and was never told until [he] got downtown." He saw the warrant as he was being taken into the Central Intelligence Bureau. He had been in prison from August 1976 until February 1979. The first time he saw this warrant was on 13 February 1980 when Blakeney showed it to him at police headquarters.

The trial court found that Blakeney had knowledge that a warrant for defendant's arrest for forgery had been issued and was not executed; that Blakeney arrested defendant pursuant to that warrant; that incident to the arrest he searched defendant's person; that in defendant's pants pockets he discovered seventeen bags of a substance later determined to be cocaine; and that the arrest warrant was served on defendant "at the scene or shortly thereafter at the Law Enforcement Center." It concluded from these findings that "as a matter of law . . . the evidence was seized as a result of a search incident to a lawful arrest and [was] admissible in evidence." It therefore denied the motion to suppress.

Defendant contends the seizure was the result of "an unreasonable stop, seizure, and search . . . under the Fourth and Fourteenth Amendments of the United States Constitution," and that the evidence seized thus should have been suppressed. He argues that his arrest on the four-year-old forged check warrant was a mere pretext to search him for drugs; and that "even where an arrest is made under a valid arrest warrant, it may not be used as a mere pretext to make a search for incriminating evidence." *See, United States v. Lefkowitz*, 285 U.S. 452, 76 L.Ed.

877, 52 S.Ct. 420 (1932); *Taglavore v. United States*, 291 F. 2d 262 (9th Cir. 1961); *State v. Hall*, 52 N.C. App. 492, 279 S.E. 2d 111, *disc. rev. denied and appeal dismissed*, 304 N.C. 198, 285 S.E. 2d 104 (1981).

> Unreasonable searches and seizures are prohibited by the fourth amendment to the United States Constitution, and all evidence seized in violation of the Constitution is inadmissible in a State court as a matter of constitutional law. (Citation omitted.) However, . . . only *unreasonable* searches and seizures are prohibited by the Constitution. (Citation omitted.) . . . [S]ubject to a few specifically established exceptions, searches conducted without a properly issued search warrant are *per se* unreasonable under the fourth amendment . . . . [One] of the recognized exceptions . . . [is] search incident to a lawful arrest . . . . The United States Supreme Court has limited the scope of reasonable search when made incident to an arrest to the area from which the arrested person might have obtained a weapon or some item that could have been used as evidence against him. (Citations omitted.) . . . [W]hether a search and seizure is unreasonable must be determined upon the facts and circumstances surrounding each individual case.

*State v. Cherry*, 298 N.C. 86, 92-93, 257 S.E. 2d 551, 555-56 (1979), *cert. denied*, 446 US. 941, 100 S.Ct. 2165, 64 L.Ed. 2d 796 (1980).

> It is the fact of the lawful arrest which establishes the authority to search, and . . . in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment.

*United States v. Robinson*, 414 U.S. 218, 235, 38 L.Ed. 2d 427, 441, 94 S.Ct. 467, 477 (1973).

It is uncontroverted that at the time of the search here a valid warrant for defendant's arrest for uttering a forged check was extant. His arrest thereunder thus was lawful, and the search was incident to the lawful arrest.

The area searched, defendant's pants pockets, was one "from which [he] might have obtained a weapon. *Cherry*, 298 N.C. at 92,

257 S.E. 2d at 556. It was thus an area within "the scope of reasonable search" incident to the lawful arrest. *Id.*

The trial court's findings are supported by competent evidence. They sustain the conclusion that the evidence was seized as a result of a search incident to a lawful arrest and was thus admissible. Nothing in the "facts and circumstances surrounding [this] case" compels contrary findings or a contrary conclusion. *Id.* The assignment of error to denial of the motion to suppress is thus overruled, and the judgment is

Affirmed.

Judges WEBB and WELLS concur.